YELVERTON, Judge.
Defendant, Preston Vidrine, was indicted for first-degree murder. He entered a plea of not guilty on February 20, 1987. On *532 January 11, 1988, he pleaded guilty to the reduced charge of second-degree murder. At his sentencing hearing on January 19, 1988, Vidrine personally moved to withdraw his guilty plea on the basis that it was not voluntarily entered. He also at that time made allegations that his counsel was ineffective. Defense counsel was unprepared for this oral motion. A colloquy in the record indicates that at the time the court, the state, and defendant’s counsel all agreed that the proper way for defendant to raise these complaints was by post-conviction relief application. The trial judge denied defendant’s motion to withdraw his guilty plea. Defense counsel moved to withdraw as counsel, and the court denied that motion also. Defendant was then sentenced to life imprisonment as provided by La.R.S. 14:30.1.
On February 2, 1988, defendant, unbeknownst to his counsel, filed in proper person a handwritten “petition” challenging the voluntariness of his guilty plea based upon a misunderstanding, which he alleged was in turn caused by ineffective counsel. Defendant prayed for “any relief to which he may be entitled”. The trial judge on February 10,1988, treated the petition as a motion for an appeal and granted an appeal.
On appeal, defendant reserved one assignment of error: the trial court erred in denying his motion to withdraw his guilty plea at sentencing. Counsel for defendant has chosen to abandon that one assignment of error, and submits that the pro se “petition” raised issues more properly dealt with on an application for post-conviction relief, rather than an appeal. Consistent with that position, appellant’s counsel now submits that the appeal was improvidently granted by the trial court, and asks that we dismiss the appeal and remand it to the trial court with instructions to treat the appellant’s petition as an application for post-conviction relief, in accordance with the provisions of C.Cr.P. art. 924, et seq.
There is authority for this procedure. State v. Watkins, 372 So.2d 1039 (La.1979).
It is true that the trial court heard, briefly, the defendant’s surprise motion to withdraw his guilty plea, made on the morning set for sentencing. The trial court gave it some consideration but then denied the motion. The trial court at the same time recognized defendant’s right to seek post-conviction relief based on that complaint. Later, the defendant filed his handwritten petition, without counsel’s knowledge, but the trial court treated it as a motion for appeal and made a marginal handwritten entry granting an appeal. In his brief before this court, counsel for defendant tells us that he was not aware of the contents of that petition until he saw it in the record while preparing his appellate brief on defendant’s behalf.
Under the peculiar circumstances of this case, we regard the better procedure to be to accede to counsel’s request, and remand the case, so that the post-conviction relief application can be considered. The defendant may later invoke our supervisory jurisdiction if the trial court denies relief on the application. La.C.Cr.P. art. 930.6.
APPEAL DISMISSED; REMANDED.